**Gurmeet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–3626–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Stanley H. Wallenstein, Alan Michael Strauss, New York, New York, for Petitioner.

Stephen J. Sorenson, Acting United States Attorney for the District of Utah, Dustin Pead, Assistant United States Attorney, Salt Lake City, Utah, for Respondents.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Gurmeet Singh, a native and citizen of India, seeks review of a June 13, 2005 order of the BIA affirming the September 24, 2003 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurmeet Singh,* No. A73 421 010 (BIA June 13, 2005), *aff'g* No. A73 421 010 (Immig. Ct. N.Y. City Sept. 24, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA declines to adopt the IJ's reasoning, but affirms the IJ's decision in every other respect, we review the judgment of the IJ as modified by the BIA's decision. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, because the IJ did not make a specific finding regarding whether the government rebutted the presumption of a well-founded fear of persecution, we review only the BIA's findings on that issue. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We further review the agency's factual findings, including a fundamental change in circumstances, under the substantial evidence standard. *Tambadou v. Gonzales,* 446 F.3d 298, 302 (2d Cir.2006). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

As to Mr. Singh's asylum claim, the BIA found that though Mr. Singh was

entitled to a presumption of future persecution because he established that he was a victim of past persecution, 8 C.F.R. § 1208.13(b)(1), the record revealed that the conditions in India have improved to the extent that Mr. Singh can live there safely. The BIA stated two grounds for its conclusion. First, Mr. Singh had returned to India twice after leaving, remaining there without incident for approximately three months during each visit. Second, the BIA noted that Mr. Singh was able to renew his passport without any problem despite country reports indicating that the Indian government has denied such documents to government critics, especially those advocating Sikh independence.

Starting with the second basis, the country report the BIA cites to only discusses the Indian government's efforts in keeping Sikh individuals from departing India; it does not discuss how the Indian government treats those who have already fled the country and seek to re-enter. It is therefore of little relevance to Mr. Singh's situation. Nonetheless, the first basis relied upon by the BIA provides substantial evidence to support its determination. Mr. Singh's two rather extended trips to India are plainly probative of whether he had a well founded fear that he would be subject to future persecution if sent back. Mr. Singh urges that the BIA reliance on his prior trips is undermined by its failure to discuss his explanation that his father had made special arrangements for his travel back to India and that he had cut his hair and stopped wearing a turban in order to avoid detection in India. We disagree. The BIA plainly stated that it had reviewed the record. And while it may have been helpful for the BIA to address Mr. Singh's explanation for the ease with which he traveled, we find no authority supporting the contention that the BIA errs unless it specifically rejects each of the petition's explanations. *See, e.g., Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 344 (2d Cir.2006) ("There is ... no authority supporting petitioner's contention that an IJ errs unless he specifically discusses, evaluates, and accepts or rejects each piece of documentary evidence submitted.").

■ Mr. Singh's argues that the IJ abused her discretion and violated his due process rights by refusing to continue his case until his appeal regarding his I-130 petition was adjudicated. We review an IJ's decision to deny a request for a continuance "a highly deferential standard of abuse of discretion." *Morgan v. Gonzales,* 445 F.3d 549, 550 (2d Cir.2006). At the time of his hearing, Mr. Singh was ineligible for adjustment of status. In *Morgan,* we confronted a similar situation, holding that the IJ did not abuse his discretion in denying a motion for continuance when the alien had an application for adjustment of status pending at the time of his removal proceedings. *Id.* at 552. We also found no due process deprivation where the alien was provided a fair opportunity to present the viable claims that were available to him at the time of his hearing. *Id.* at 552–53. As we did in *Morgan,* we conclude that in the circumstances presented here, it was not an abuse for the IJ to exercise her discretion to deny Mr. Singh a continuance.

Mr. Singh did not raise any arguments regarding the denial of his CAT claim in either his brief to the BIA or to this Court. Accordingly, his CAT claim is not exhausted and it is waived. 8 U.S.C. § 1252(d)(1) (governing exhaustion); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006) (same); *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (governing waiver).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).